**Casimira Perez CALMO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74584.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2008 *.

Filed Feb. 21, 2008.

Thomas V. Loran, III, Esq., Pillsbury Winthrop Shaw Pittman, LLP, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, John W. Stone, Jr., Cheryl T. Sloan, U.S. Attorney, Greensboro, NC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Casimira Perez Calmo, a Mam Mayan, is a native and citizen of Guatemala. In 2000, Calmo entered the United States and sought asylum. The Immigration Judge (IJ) denied Calmo's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] Because the IJ committed legal error in determining whether Calmo suffered past persecution, we grant her petition for review and remand for further proceedings.

Where the BIA affirms the IJ's decision without opinion, the IJ's decision becomes the final agency action, and we review the IJ's decision. *Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). We review de novo the determination of questions of law. *Id.* We review findings of fact under the deferential substantial evidence standard, and will uphold them unless the evidence compels a contrary result. *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir. 2004). Because the IJ found Calmo to be credible, we accept her testimony as true. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004).

■ A petitioner may qualify for asylum if she establishes that she was persecuted in the past on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42). Calmo claims that she was persecuted by government soldiers who invaded her village in 1982, when she was ten years old, and that such persecution was on account of her ethnicity, because she is a Mam Mayan, and on account of her imputed political opinion, because the soldiers believed she was a guerrilla sympathizer. The IJ found that Calmo did not meet her burden of establishing past persecution because "[n]one of the action taken in Guatemala by the authorities or the ... soldiers or the government ... were specifically directed at [Calmo]." Absent such proof, the IJ concluded that Calmo could not demonstrate a "nexus between the stress [she] experienced at that time and any of the five enumerated grounds."

We have held that "[w]hile proof of particularized persecution is sometimes required to establish a well-founded fear of future persecution, such proof of particularized persecution is not required to establish past persecution." *Knezevic v. Ashcroft,* 367 F.3d 1206, 1211 (9th Cir. 2004). The IJ erred in holding that Calmo could not establish that she had been persecuted in the past without providing evidence that she had been specifically targeted by the government soldiers. *See id.* at 1211–12; *Ndom v. Ashcroft,* 384 F.3d 743, 754 (9th Cir.2004).

■ Substantial evidence does not support the IJ's finding that there was no nexus between Calmo's experience and any of the protected grounds.[2] Mayans, as a group, were identified by the Guatemalan army as guerrilla allies and were "targeted for extinction." Military operations were concentrated in and around Mayan com-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Calmo did not challenge the IJ's finding that she was not eligible for CAT relief, and so she has waived the argument. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999)

("[A]rguments not raised by a party in its opening brief are deemed waived.").

2. The government does not argue to the contrary. With regard to past persecution, the government's brief *only* argues that the mistreatment Calmo suffered does not rise to the level of persecution.

munities, including the Huehuetenango district where Calmo lived. It is estimated that over 200,000 people were killed or disappeared during Guatemala's civil war and 83% of the fully identified victims were Mayan. Thus there is a nexus between the soldiers' actions and Calmo's ethnicity. *See Ndom,* 384 F.3d at 755 (noting that "past persecution experienced by an applicant [is more likely] inflicted on account of a protected ground where similar acts are regularly experienced by others who share the applicant's protected affiliation").

Likewise, the government soldiers targeted Calmo and the other villagers because the soldiers believed that the villagers supported the guerrillas The soldiers asked the villagers about the guerrillas and the villagers support for them. After killing one of the villagers, the soldiers stated that it was an example of what would happen to those who supported the guerrillas. Thus there is a nexus between the soldiers' actions and the political opinion they imputed to Calmo. *See Ali v. Ashcroft,* 394 F.3d 780, 786 (9th Cir.2005) (holding that the attackers' statements while they were raping the victim—that the victim was getting what she deserved because she was a Midgan and that Midgans are traitors—"themselves evidence that [the attackers] were motivated, at least in part, by [petitioner's] clan status and political opinion, and not solely by criminal opportunism").

The IJ erred in finding that Calmo was not mistreated "on account of one of the five enumerated grounds" by requiring her to show that she was particularly targeted for persecution and by ignoring compelling evidence that the government soldiers were motivated by Calmo's ethnicity and imputed political opinion. The IJ did not making any findings with regard to whether such mistreatment in fact rose to the level of persecution, and we are "powerless to affirm the administrative decision by substituting what [we] consider[ ] to be a more adequate or proper basis." *See Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000) (quoting *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)). We therefore grant the petition for review and remand to the BIA for further proceedings. *See Kotasz v. INS,* 31 F.3d 847, 851 (9th Cir.1994) (remanding for further consideration where the BIA's denial of asylum was based upon an error of law).

Because the remanded proceedings may alter the IJ's analysis with regard to Calmo's fear of future persecution and eligibility for withholding of removal, we need not, and do not, reach any other issue raised by the parties.

**PETITION GRANTED; REMANDED.**